IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                                    PLAINTIFF

       v.                                   Civil No. 5:21-cv-05219-TLB-MEF

DR. ROBERTO SAEZ;
TURN KEY HEALTHCARE CLINICS, LLC;
JOHN OR JANE DOE ADMINISTRATOR,
Benton County Detention Center;
ANGELA SHAKIR; STATE OF ARKANSAS; and
ARKANSAS DIVISION OF CORRECTION                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Joshua D. Wilson ("Wilson"), pursuant to 42 U.S.C. § 1983.   Wilson proceeds *pro se.*   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for a determination of whether Wilson qualifies for IFP status under 28 U.S.C. § 1915.   Specifically, the Court must determine whether Wilson is ineligible for IFP status due to the three-strikes provision contained in § 1915(g).

## I.   DISCUSSION

It was noted in the provisional filing Order (ECF No. 3) that Wilson appeared to be ineligible for IFP status under 28 U.S.C § 1915(g).   Section 1915(g) is known as the "three-strikes" provision and provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

1

under imminent danger of serious physical injury.

The Court identified the following cases as strikes:

(1)   *Wilson v. Green, et al.,* Civil No. 5:20-cv-05139 (case dismissed pursuant to 28 U.S.C § 1915A(b) for failure to state plausible claims—dismissal determined to constitute a strike) (W.D. Ark. Sept. 25, 2020).

(2)   *Wilson v. McLarty Daniel Dealership, Service Dep't, et al.,* Civil No. 5:20-cv-05142 (case dismissed pursuant to 28 U.S.C § 1915A(b) for failure to state plausible claims—dismissal determined to constitute a strike) (W.D. Ark. Jan. 13, 2021).

(3)   *Wilson v. Martin, et al.,* Civil No. 5:20-cv-05144 (case dismissed pursuant to 28 U.S.C § 1915A(b) for failure to state plausible claims—dismissal determined to constitute a strike) (W.D. Ark. Sept. 23, 2020).

Wilson was given until December 23, 2021, to advise the Court: (1) why he did not believe one or more of the cases listed above constitutes a strike within the meaning of 28 U.S.C. § 1915(g), or (2) why he did not believe the three strikes rule applied to this case.

On December 21, 2021, Wilson replied (ECF No. 5) to the Court's Order.   Wilson indicated he had not had any case involving these Defendants dismissed for any reason.   *Id.*   He asked the Court to explain why the three strikes rule applied to the case.   Section 1915(g) applies to ***any case*** that has been dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.   The plain language of the statute makes clear that it does not need to be a case involving the same defendants.   Wilson has three strikes as set forth above.

Despite having three strikes, a prisoner is allowed to proceed IFP if he is under imminent danger of serious physical injury.   The threat must exist at the time the lawsuit is filed.   *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

In Claim One of his Complaint, Wilson alleges that Turn Key Healthcare Clinics, LLC

uses "unfair billing practices that are beyond predatorial and it is a monopoly."   (ECF No. 1 at 4-5).   Wilson complains the charge to see a doctor or nurse for any ailment is $20 and if you need medication the charge is $10.   *Id.*   If an ailment calls for pain medication, Wilson alleges an inmate can only obtain a seven-day supply and then must ask for a refill which costs $10.   *Id.* According to Wilson, if every inmate in the BCDC had a headache in the same week, Turn Key would collect $21,000.   *Id.*   Obviously, these allegations do not indicate Wilson is under imminent danger of serious physical injury.

In Claim Two of his Complaint, Wilson alleges that he has been denied adequate dental care.   (ECF No. 1 at 6).   Prior to his incarceration, Wilson indicates he was seen at the emergency room on March 19, 2021, prescribed numbing mouthwash, and told to seek dental treatment "ASAP."   *Id.*   Wilson indicates that since April 8, 2021, he has been telling the healthcare providers, including Dr. Saez, that he has chronic pain from his dental condition but is only given a seven-day supply of over-the-counter pain medication at any one time.   *Id.*   Dr. Saez has offered to have Wilson's tooth pulled, but Wilson wants it repaired.   *Id.*   If he wants it repaired, Wilson indicates he has been told he would have to wait until he is transferred to the Arkansas Division of Correction.   *Id.*

Wilson does not indicate the pain is severe; he does not indicate the tooth is infected; he does not allege he is having any difficulty eating or sleeping; he does not allege he has lost weight or suffered any other physical condition or ailment other than what he describes as "chronic pain." He indicates he has been offered dental treatment but that he does not want the treatment offered. The Court does not believe this constitutes imminent danger of serious physical injury.   *See e.g., McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) (imminent danger found where multiple

extractions had occurred, more were needed, and there was a spreading infection).

In Claim Three of his Complaint, Wilson alleges that the State of Arkansas partially funds the BCDC, and it in turn has contracted with Turn Key to provide medical, dental, and mental health care to the inmate population which at times numbers over 700.   (ECF No. 1 at 8).   Wilson maintains Turn Key is failing to provide adequate care in all areas.   *Id.*   He states he witnesses the deliberate indifference towards mentally ill inmates, including himself, on a daily basis.   *Id.* He indicates he has a long history of mental illness.   *Id.*   He asserts that "Angela Shakir-- mental/social worker at [the BCDC]—does not listen.   Total lack of HIPPA."   *Id.*

The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."   *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).   General allegations are insufficient to invoke the exception.   *Id.*   There must be "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious injury."   *Id.*

Wilson makes only the most general allegations.   He has been given an opportunity to explain to the Court why the three-strikes provision does not apply to him.   The language of the exception was included in the Court's Order.   Wilson has given the Court no reason to believe his claims fall within the exception.

## II.   CONCLUSION

For these reasons, it is recommended that Wilson's Motion to Proceed IFP (ECF No. 2) be **DENIED,** and this case be **DISMISSED WITHOUT PREJUDICE** pursuant to the three strikes provision of 28 U.S.C. § 1915(g).   It is further recommended that Wilson be given a period of 30

days to file a Motion to Reopen upon payment of the full filing fee of $402.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2021.

/s/ *Mark E. Ford*
_____

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5