IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA DAVID WILSON**                                                                                      **PLAINTIFF**

**V.                                       CASE NO. 5:21-CV-05219**

**DR. ROBERT SAEZ; TURN KEY HEALTHCARE
CLINICS, LLC; JOHN OR JANE DOE
ADMINISTRATOR, Benton County Detention
Center; ANGELA SHAKIR; STATE OF ARKANSAS; and
ARKANSAS DIVISION OF CORRECTIONS                                  DEFENDANTS**

## ORDER

Before the Court is a Report and Recommendation ("R&R") (Doc. 6) filed in this case on December 29, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. In the R&R, the Magistrate Judge recommends denying Plaintiff Joshua David Wilson's Motion to Proceed *in forma pauperis* ("IFP") (Doc. 2) and dismissing this action without prejudice pursuant to the three strikes provision of 28 U.S.C § 1915(g). Also before the Court is Mr. Wilson's Objection to the R&R. (Doc. 8). After a *de novo* review of the record, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R&R.

Mr. Wilson brought this 42 U.S.C § 1983 action *pro se* and IFP on December 3, 2021. (Doc. 1). In the Complaint, Mr. Wilson stated three claims, including one that alleged denial of adequate dental care. Mr. Wilson indicated he was experiencing chronic pain from a dental condition and was unsatisfied with the response from healthcare providers at the Benton County Detention Center.

28 U.S.C. § 1915(g) is known as the three strikes rule and provides the following:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent dangers of serious physical injury.

Mr. Wilson previously brought three cases constituting strikes.  Thus, the Court issued an Order (Doc. 3) on December 3, 2021, directing Mr. Wilson to advise the Court: (1) why he did not believe one or more of the cases listed in the Order constituted a strike within the meaning of 28 U.S.C § 1915(g) or (2) why he did not believe the three strikes rule applied to this case.  Wilson replied to the Order (Doc. 5) on December 21, 2021.

A prisoner is allowed to proceed IFP despite having three strikes if he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  The threat must exist at the time the complaint is filed, and general allegations are insufficient to invoke the exception.  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  Because Magistrate Judge Ford found that Mr. Wilson had failed to allege in his Complaint facts to show he was under imminent threat of serious physical injury, he recommended dismissal under the three strikes rule.

Mr. Wilson was given 14 days to file objections to the R&R but failed to do so.  The Court adopted the R&R on January 19, 2022.  (Doc. 7).  On January 21, Mr. Wilson filed a late Response (Doc. 8), which the Court construes as a late Objection to the R&R.  The Objection addresses only his claim for denial of adequate dental care and reveals previously unknown facts, including that he suffers from severe pain, has difficulty sleeping and eating, and possibly has an infection.

The Eighth Circuit has found an imminent danger of serious physical injury where an inmate alleged deliberate indifference to serious medical needs, resulting in five tooth extractions and a spreading mouth infection requiring two additional extractions. *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). The Eight Circuit has similarly found an objectively serious medical need for dental care where an inmate suffered from severe pain from loose and infected teeth, which caused bleeding, swelling, and difficulty sleeping and eating. *Hartsfied v. Colburn*, 371 F.3d 454, 457–58 (8th Cir. 2004). By contrast, the Eighth Circuit has held a detainee's tooth pain did not constitute serious medical need where he showed no signs of injury or infection, was observed eating without difficulty, and the nursing staff did not determine the tooth pain required treatment. *Holden v. Hirner*, 663 F.3d 336, 342–43 (8th Cir. 2011).

Here, Mr. Wilson's original Complaint indicates he has a long-term dental issue that began prior to his incarceration. (Doc. 1, p. 6). In his Objection to the R&R, Mr. Wilson maintains that, despite receiving pain medication, he still has trouble eating and sleeping; that he has experienced no relief with the pain medication; and that he has "been in ongoing SEVERE pain and already taken [a]ntibiotic[s] 2 separate times," indicating that he may have an infection. (Doc. 8, p. 1). While the law suggests this is a borderline case for applying the exception to the three strikes rule, the Court will allow Mr. Wilson to proceed on the dental care claim, which is labeled as Claim Two in the R&R. Mr. Wilson has waived objection to the rest of the R&R, which recommends dismissal of Claims One and Three.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 6) is **ADOPTED IN PART** as to the dismissal without prejudice of Claims One and Three of the Complaint pursuant to

the three strikes rule.  The Court **DECLINES TO ADOPT** the R&R as to Claim Two, as this cause of action falls within the exception to the three strikes rule.  Accordingly, Mr. Wilson's Motion to Proceed IFP (Doc. 2) is **GRANTED** only as to his ability to proceed on Claim Two.  The Court **REMANDS** the case to the Magistrate Judge for further consideration.

    **IT IS SO ORDERED** this 16th day of February, 2022.

                                                      */s/ Timothy L. Brooks*
                                                      TIMOTHY L. BROOKS
                                                      UNITED STATES DISTRICT JUDGE